IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 4, 2018

**MONTEZ MAXWELL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-16-279          Kyle Atkins, Judge**

_____

**No. W2017-01012-CCA-R3-PC**

_____

The Petitioner, Montez Maxwell, appeals from the denial of post-conviction relief alleging he received ineffective assistance of counsel. Pursuant to a plea agreement, the Petitioner entered guilty pleas to attempted second degree murder and employment of a firearm during the commission of a dangerous felony, for which he received an effective sentence of sixteen years. Upon our review, we affirm the judgments of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Joseph T. Howell (on post-conviction appeal) Jackson, Tennessee, for the appellant, Montez Maxwell.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the November 23, 2015 guilty plea hearing, the Petitioner stipulated to the facts contained in the indictment as the factual basis for his pleas.[1] During the guilty plea colloquy, the Petitioner said he understood the agreed-upon sentence to be a total of 16 years, with 10 years at 30% and 6 years at 100% to be served consecutively. The Petitioner acknowledged that he was waiving his constitutional rights by pleading guilty and that he was entering his pleas freely, voluntarily, and knowingly, because he was, in

_____

[1] The indictment was not read into the record, and it was not included in the record on appeal.

fact, guilty. In addition, the Petitioner stated that he was satisfied with trial counsel's representation and that he did not have any questions for the court. The trial court accepted the Petitioner's guilty pleas and sentenced him pursuant to the negotiated plea agreement.

On November 4, 2016, the Petitioner filed a pro se petition for post-conviction relief, which was not amended following the appointment of counsel, alleging that his guilty pleas were involuntary and that he was denied effective assistance of counsel. The post-conviction hearing occurred on April 10, 2017.

**Post-Conviction Hearing.** At the post-conviction hearing, the Petitioner testified that trial counsel failed to provide him with effective assistance and coerced him into agreeing to the plea negotiations. He said that trial counsel failed to explain the consequences of pleading guilty to both charges and asserted that trial counsel told him that his time served would be credited to both convictions. The Petitioner also testified that trial counsel failed to file a motion to reduce his bond, motions to suppress the statements of witnesses and evidence of a single photograph lineup, and a motion to require the State to elect offenses. The Petitioner further testified that trial counsel failed to interview critical witnesses, including Deandre Williamson, Javarius Long, Keshawn Sowell, and Nadia Simmons. He asserted that Deandre Williamson could have served as an alibi witness and the other witnesses could have testified that he was not guilty. He confirmed speaking with trial counsel about the potential witnesses and that, despite trial counsel's claim she could not contact them, he and his family had been able to contact them without issue.

On cross-examination, the Petitioner agreed that the plea agreement that he signed explicitly stated that the sentences would be consecutive for an effective sentence of sixteen years. He confirmed that the trial judge asked him various questions during the plea colloquy regarding whether trial counsel fully explained and the Petitioner fully understood his plea agreement. The Petitioner also agreed that the trial judge asked whether his plea agreement was made knowingly, voluntarily, and not under threat or coercion, and the Petitioner confirmed that was true. He agreed that his request for bond reduction was unrelated to the instant case, that his request to suppress the statements of others was without legal basis, and that, despite now claiming he did not understand the consecutive nature of his sentences, he did not previously ask the court or trial counsel to clarify or explain.

Trial counsel testified that she met with the Petitioner several times to discuss the strengths and weaknesses of the case, possible trial strategies, potential witnesses, and discovery. She explained to him that the State had a very strong case with several eyewitnesses and the victim having already identified the Petitioner, that relevant law

- 2 -

required his sentences to be served consecutively, and that she believed a plea agreement would be more advantageous than going to trial. Trial counsel testified that there was no legal basis to assert the motions desired by the Petitioner and explained that (1) the motion to reduce bond was irrelevant to the instant case and unlikely to be granted by the court, (2) the motion to suppress witness statements was improper as they were not statements of the Petitioner himself, and (3) the motion to suppress the photograph lineup was moot as she interviewed the police officers and discovered that a full photographic lineup was performed. She testified that she did not recall discussing a motion for election of offenses with the Petitioner. She further testified that she tried to locate and contact the witnesses, that she was unable to do so and notified the Petitioner, that the Petitioner said he would contact the witnesses and have them reach out to trial counsel directly, and that she never heard from any of the witnesses.

After the hearing, the post-conviction court took the matter under advisement and entered a written order denying post-conviction relief on May 9, 2017. In its order, the court found that the Petitioner failed to have the potential witnesses testify or prove that they could be reasonably located and, thus, failed to prove prejudice in this regard. The court accredited trial counsel's testimony regarding the photographic lineup and found that she was reasonable in her decisions regarding which motions to file. The court also found that the Petitioner's guilty pleas were made knowingly and voluntarily, that the Petitioner was apprised of all rights and the waiver of such, that he had the opportunity to ask questions throughout but repeatedly stated that he understood, that he never testified that he would not have pled guilty had he known that his time served would not count towards both charges, and that he did not provide any evidence of force or coercion to plead guilty. The court ultimately concluded that the Petitioner "failed to carry his burden of proving by clear and convincing evidence that trial counsel was ineffective or that he was prejudiced." It is from this order that the Petitioner now appeals.

## ANALYSIS

As an initial matter, although not disputed by either party, we are troubled by the lack of a factual basis supporting the Petitioner's guilty plea in this case. While the Petitioner stipulated to the facts contained in the indictment as the basis for his plea at the guilty plea hearing, neither the facts nor the indictment were read into the record or included on appeal. Although the lack of factual basis supporting a guilty plea is not a constitutional claim and therefore not cognizable in post-conviction proceedings, it significantly hinders appellate review. Gaddis v. State, No. 03C01-9303-CR-00064, 1993 WL 542509, at *1 (Tenn. Crim. App. Jan. 4, 1993); Bentley v. State, 938 S.W.2d 706 (Tenn. Crim. App. 1996). The appellant has the burden of ensuring that the appellate record contains a fair, accurate, and complete account of what has occurred regarding the issues that are the bases of the appeal. See Tenn. R. App. P. 24(b); State v. Ballard, 855

S.W.2d 557, 560 (Tenn. 1993). Obviously, the better practice is to include the factual basis as required by Rule 11 of the Tennessee Rules of Criminal Procedure.

The Petitioner argues that his guilty pleas were not knowing and voluntary entered because he felt coerced by trial counsel and that trial counsel was ineffective in failing to interview potential witness and to file motions to reduce bond, suppress statements, suppress evidence, and elect offenses. The State contends, and we agree, that the post-conviction court properly denied relief.

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgment of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

**I. Knowing and Voluntary Guilty Plea.** The Petitioner argues that his pleas were not knowingly and voluntarily made because he felt forced to plead guilty. He asserts that trial counsel failed to explain the collateral consequences of his guilty pleas and that he did not receive all possible jail credits at sentencing. The State responds that the Petitioner understood his sentence and the consequences of such and that he pled guilty because he thought it was in his best interest.

We note that the validity of a guilty plea is a mixed question of law and fact that is reviewed de novo. Lane, 316 S.W.3d at 562. To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. Id. (citing State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977); North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea[.]" Mackey, 553 S.W.2d at 340; see Tenn. R. Crim. P. 11(b)(1). When determining whether a guilty plea was knowingly, voluntarily, and intelligently entered, the court must consider "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Lane, 316 S.W.3d at 562 (quoting Grindstaff, 297 S.W.3d at 218). If a guilty plea is not knowingly, voluntarily, and intelligently entered, then the defendant has been denied due process, and the guilty plea is void. Id. (citations omitted).

A plea is not voluntary if it is the result of "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43). In determining whether a guilty plea is voluntarily and intelligently entered, a trial court must look at a number of factors, which include the following:

> 1) the defendant's relative intelligence; 2) the defendant's familiarity with criminal proceedings; 3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; 4) the advice of counsel and the court about the charges and the penalty to be imposed; and 5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.

Howell v. State, 185 S.W.3d 319, 330-31 (Tenn. 2006) (citing Blankenship, 858 S.W.2d at 904).

The Petitioner asserts that he was coerced into pleading guilty and his plea was not knowing or voluntary. In its ruling, the post-conviction court found that the Petitioner's pleas were made knowingly and voluntarily, that the Petitioner did not provide any proof that he was forced or coerced to plead guilty, and that trial counsel provided adequate representation to ensure that the Petitioner was aware of the consequences of his pleas. The Petitioner explicitly testified at the post-conviction hearing that he pled guilty because "at the time [he] thought that was the best thing to do" to receive a more favorable sentence. The record shows that the Petitioner understood his guilty plea and that there was no evidence of coercion. Accordingly, we agree with the post-conviction

court and conclude that the Petitioner has failed to prove that his guilty plea was involuntary and unknowing. The Petitioner is not entitled to relief on this issue.

The Petitioner also argues that he did not receive credit for time served or his juvenile credits. Specifically, he asserts that trial counsel told him that his jail credit would apply to each conviction. The record shows that there was no discussion of jail credits during the guilty plea hearing, that the only mention of this issue was by the Petitioner in his testimony during the post-conviction hearing, and that post-conviction counsel did not ask trial counsel about the issue of jail credits. Although the post-conviction court did not reference the jail credit issue in its ruling, the court implicitly accredited the testimony of trial counsel and found that the Petitioner "never testified that he would not have taken the plea if he had known he was not getting credit for time served applied to each charge." Moreover, the offenses for which the Petitioner was convicted, attempted second degree murder and employing a firearm during the commission of a dangerous felony, are required by law to be served consecutively, which precludes the Petitioner receiving jail credit for each. See T.C.A. §§ 39-17-1324(b)(1), (e)(1) (employing a firearm during the commission of a dangerous felony shall be served consecutively to any other sentence the person is serving). As such, the Petitioner is not entitled to relief.

**II. Ineffective Assistance of Counsel.** The Petitioner also argues that trial counsel was ineffective in failing to file certain pretrial motions and interview critical witnesses, including one who the Petitioner asserts could have provided an alibi. The Petitioner asserts that he was subsequently prejudiced by trial counsel's deficient performance. The State responds that trial counsel adequately represented the Petitioner and that the post-conviction court properly denied relief.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated

once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694).

A. Requested Motions. In his brief, the Petitioner argues that trial counsel failed to file several pretrial motions. At the post-conviction hearing, he explained that he wanted trial counsel to file a motion to reduce bond, but he agreed that the motion was irrelevant to the facts of this case. He also wanted trial counsel to file a motion to suppress witness statements, a motion to suppress a single photograph lineup, and a motion for election of offenses. The State asserts that trial counsel properly investigated the requested motions and determined they had no legal basis.

In its order denying relief, the post-conviction court accredited the testimony of trial counsel and found that her conduct was reasonable in light of the circumstances. The record reflects that trial counsel thoughtfully decided which motions to file based on the best interests of her client. Specifically, trial counsel decided that (1) the motion to reduce bond was irrelevant to this case, (2) the motion to suppress witness statements was improper as it concerned the statements of other witnesses, (3) the motion to suppress a single photo lineup was unnecessary as a standard photographic lineup was actually performed, and (4) the motion to elect offenses was not relevant. The post-conviction court determined, and we agree, that the Petitioner failed to carry his burden by failing to provide proof of deficient performance or prejudice regarding these motions. The Petitioner has failed to articulate in any meaningful way how any of these motions would have been helpful to his case. We decline to engage in an exploratory mission to ferret out this issue for him. Without a showing otherwise by the Petitioner, he is not entitled to relief.

B. Potential Witnesses. The Petitioner also argues that trial counsel failed to interview several witnesses: Deandre Williamson, Javarius Long, Keshawn Sowell, and Nadia Simmons. The Petitioner asserts that Deandre Williamson could have served as an alibi witness and the others could have testified to his innocence. The State responds that trial counsel exhausted all her resources in trying to contact the witnesses, to no avail, and that the Petitioner cannot prevail on this claim as he failed to provide the proposed witnesses or their testimony at the post-conviction hearing.

Tennessee law is clear that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The presentation of the witness at the post-conviction hearing is typically the only way for the petitioner to establish:

(a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.

Id. Neither the post-conviction court nor this court may speculate on "what a witness's testimony might have been if introduced by defense counsel." Id.

Here, the Petitioner did not present any witnesses at the post-conviction hearing and he provided no information or argument, at the evidentiary hearing or in his brief, as to what testimony or information these witnesses would have provided or why they were not available. In its order denying relief, the post-conviction court found that the Petitioner failed to prove prejudice by not producing the witnesses or testimony regarding whether they could have been reasonably located. As stated above, this court will not speculate as to what testimony might have been introduced. The Petitioner has failed to carry his burden to prove ineffective assistance of counsel. He is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the judgments of the post-conviction court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

- 8 -